EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
JAMES P. SCHIAVONE,

                                      Plaintiff,

                -against-

ANTHONY WILECZEK and
CAMPBELL'S AUTO EXPRESS, INC.,

                                  Defendants.
------------------------------------------------------------------X

Index No.: _____/2022
Date Filed: _____/2022

**SUMMONS**

Plaintiff designates Westchester County as the place of trial.

The basis of venue is CPLR 503(a): The county in which a substantial part of the events or omissions giving rise to the claim occurred.

TO THE ABOVE-NAMED DEFENDANTS:

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       March 10, 2022

                                           GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                                           HERSHENHORN, STEIGMAN & MACKAUF
                                           Attorneys for Plaintiff

                                           _____
                                           PETER J. SAGHIR
                                           80 Pine Street, 34th Floor
                                           New York, New York 10005
                                           (212) 943-1090

TO:

       See Annexed Service List

## SERVICE LIST

ANTHONY WILECZEK
661 Barlow Avenue
West Deptford, New Jersey 08096

CAMPBELL'S AUTO EXPRESS, INC.
Attn.: William Messenger, President
134 Laurel Drive
P.O. Box 119
Pitman, New Jersey 08071

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
JAMES P. SCHIAVONE,

                      Plaintiff,

-against-

ANTHONY WILECZEK and
CAMPBELL'S AUTO EXPRESS, INC.,

                      Defendants.
-------------------------------------------------------------------X

Index No.:_____/2022

VERIFIED COMPLAINT

      Plaintiff, complaining of defendants, by and through his attorneys, GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMAN & MACKAUF, respectfully shows to this Court and alleges as follows:

      1.     Upon information and belief, that at all times herein mentioned, defendant, CAMPBELL'S AUTO EXPRESS, INC. (hereinafter, CAMPBELL'S), was and still is a Pennsylvania corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania.

      2.     Upon information and belief, that at all times herein mentioned, defendant, CAMPBELL'S AUTO EXPRESS, INC. (hereinafter, CAMPBELL'S), was and still is a New Jersey corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

      3.     Upon information and belief, that at all times herein mentioned, defendant, CAMPBELL'S, owned a tractor bearing license plate number TLR71J, New Jersey.

      4.     Upon information and belief, that at all times herein mentioned, defendant, CAMPBELL'S, managed, operated, maintained and controlled a tractor bearing license plate

1

number TLR71J, New Jersey.

5. Upon information and belief, that at all times herein mentioned, defendant, CAMPBELL'S, owned a trailer bearing license plate number AR192F, New Jersey.

6. Upon information and belief, that at all times herein mentioned, defendant, CAMPBELL'S, managed, operated, maintained and controlled a trailer bearing license plate number AR192F, New Jersey.

7. Upon information and belief, that at all times herein mentioned, the above-referenced trailer bearing license plate number AR192F, New Jersey, was hitched to the rear of the above-referenced tractor bearing license plate number TLR71J, New Jersey (hereinafter "tractor-trailer").

8. Upon information and belief, that at all times herein mentioned, defendant, ANTHONY WILECZEK, operated, managed, maintained and controlled the tractor-trailer bearing license plate numbers TLR71J, New Jersey (tractor) and AR192F, New Jersey (trailer).

9. Upon information and belief, that at all times herein mentioned, defendant, ANTHONY WILECZEK, operated, managed, maintained and controlled the aforesaid tractor-trailer with the permission and consent of defendant, CAMPBELL'S.

10. Upon information and belief, that at all times herein mentioned, defendant, ANTHONY WILECZEK, was an employee of defendant, CAMPBELL'S.

11. Upon information and belief, that at all times herein mentioned, defendant, ANTHONY WILECZEK, operated, managed, maintained and controlled the aforesaid tractor-trailer while in the scope and course of his employment with defendant, CAMPBELL'S.

12. Upon information and belief, on January 27, 2022, defendant, ANTHONY

2

WILECZEK, parked the tractor-trailer in the parking lot located at 333 Mamaroneck Avenue, City of White Plains, County of Westchester, State of New York.

13. Upon information and belief, on January 27, 2022, defendant, ANTHONY WILECZEK, parked the tractor-trailer in the parking lot located at 333 Mamaroneck Avenue, City of White Plains, County of Westchester, State of New York, in a negligent, careless and reckless manner, in that he, among other things, failed to properly engage the air brakes.

14. On January 27, 2022, plaintiff, JAMES P. SCHIAVONE, was a pedestrian within the parking lot located at 333 Mamaroneck Avenue, City of White Plains, County of Westchester, State of New York.

15. On January 27, 2022, the tractor-trailer, unoccupied, rolled backwards and struck the rear of a parked vehicle causing the plaintiff, JAMES P. SCHIAVONE, to become pinned between two parked vehicles.

16. That the aforesaid motor vehicle crash on January 27, 2022, was caused or contributed to by the negligence, carelessness and recklessness of the defendants in the ownership, operation, management, maintenance and control of the tractor-trailer.

17. That by reason of the foregoing, plaintiff, JAMES P. SCHIAVONE, sustained severe and permanent injuries to his head, limbs, and body, including, but not limited to, pelvic fractures requiring surgical intervention, a severe shock to his nervous system, certain internal injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof, and, upon information and belief, some or all of these injuries are of a permanent and lasting nature; and the plaintiff, JAMES P. SCHIAVONE, has been caused to be confined to hospital, bed and home as a result thereof, and has been forced to abstain from the duties of his vocation,

3

and has expended or will become obligated to expend sums of money for medical expenses.

18. That by reason of the foregoing, plaintiff, JAMES P. SCHIAVONE, sustained a serious injury as defined in §5102(d) of the Insurance Law of the State of New York.

19. That by reason of the foregoing, plaintiff, JAMES P. SCHIAVONE, has sustained economic loss greater than basic economic loss as defined in §5102 of the Insurance Law of the State of New York.

20. It is hereby alleged pursuant to CPLR 1603 that the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to, CPLR 1602(6), on the grounds that defendants were negligent in their use, operation and ownership of a motor vehicle, and CPLR 1602(7), on the grounds that defendants acted in reckless disregard for the safety of others.

21. That the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiff demands judgment against the defendants for compensatory damages together with interest, costs and disbursements of this action.

Dated: New York, New York
March 10, 2022

GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
HERSHENHORN, STEIGMAN & MACKAUF
Attorneys for Plaintiff

*[signature]*

PETER J. SAGHIR
80 Pine Street, 34th Floor
New York, New York 10005
(212) 943-1090

4

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

PETER J. SAGHIR, an attorney at law licensed to practice in the courts of New York State, states that affirmant is a member of Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, attorneys for the plaintiff in the within action; that affirmant has read the foregoing:

## VERIFIED COMPLAINT

and knows the contents thereof; that the same is true to affirmant's own knowledge except as to those matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes them to be true.

Affirmant further states that the reason this verification is made by affirmant and not by the plaintiff is that the plaintiff is not within the County wherein affirmant maintains his office.

The grounds of affirmant's belief are investigation and data in affirmant's possession and consultations had with the plaintiff.

The undersigned affirms that the following statements are true under penalty of perjury.

Dated: New York, New York
March 10, 2022

_____
PETER J. SAGHIR

5